OPINION
Defendant-appellant Michael Fink appeals the December 9, 1998 Judgment Entry of the Stark County Court of Common Pleas adjudicating him a "sexual predator" as defined in R.C.2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 1, 1992, the Stark County Grand Jury indicted appellant on one count of aggravated robbery, in violation of R.C. 2911.11, and one count of attempted rape, in violation of R.C. 2923.02. At his arraignment on May 8, 1992, appellant entered a plea of not guilty to the indictment. On June 16, 1992, appellant withdrew his plea of not guilty and entered a plea of guilty to the indictment. The trial court sentenced appellant to a term of imprisonment of ten to twenty-five years on the aggravated burglary count to run concurrently with a term of eight to fifteen years on the attempted rape count. After the enactment of H.B. 180, Ohio's version of Megan's Law, the Warden of the Marion Correctional Institution, the institution in which appellant is confined, recommended to the trial court appellant be classified a "sexual predator". On November 17, 1998, the trial court scheduled a hearing for December 2, 1998. On December 1, 1998, appellant filed motions to dismiss based upon ex post facto and retroactivity grounds, and double jeopardy grounds; a motion to declare H.B. 180 unconstitutionally vague; and a motion for disclosure of information. Via Judgment Entry dated December 3, 1998, the trial court denied appellant's constitutional challenges to the sexual predator law. Prior to the commencement of the hearing on December 2, 1998, appellant made an oral motion for a continuance of the hearing until appellant learned the outcome of his parole hearing. The trial court overruled the request for a continuance and proceeded with the hearing. At the hearing, the State presented the trial court with the bill of particulars, the change of plea and sentencing entry, a tape recorded statement appellant gave to police subsequent to his arrest, and a report from the Ohio Department of Rehabilitation and Corrections relative to the H.B. 180 hearing. Relaying the events which resulted in the convictions, the State informed the trial court appellant used force to break into the victim's apartment. Referencing appellant's statement to the police, the State noted appellant admitted he broke into the victim's home with the intent to rape her. The State further related the victim was a complete stranger to appellant. The victim was in her early forties, while appellant was approximately 27 years old at the time of the offense. Appellant advised the trial court of his involvement in a variety of programs offered at the Marion Correctional Institution. Appellant explained he recently finished an eighteen month sexual offender program and was currently involved in the after care program. He stated he attends AA and NA meetings at the institution. He recently completed a three month drug education program. Additionally, appellant completed rage and anger management programs. As to the specific offenses, appellant indicated he did not inflict harm upon his victim and did not have any physical contact with her. Upon the completion of the hearing, the trial court adjudicated appellant a sexual predator. The trial court memorialized its decision in a Judgment Entry dated December 9, 1998. It is from this judgment entry appellant prosecutes his appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN OVERRULING APPEALLANT'S [SIC] MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS. (APPENDIX AT A-1).
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS. (APPENDIX AT A-1).
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS. (APPENDIX AT A-1).
 IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE. (APPENDIX AT A-1).
 V. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE OF THE H.B. 180 CLASSIFICATION HEARING. (TR AT 3-4).
 VI. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING. (APPENDIX AT A-2, TR AT 4-9).
Any other facts relevant to our discussion of appellant's assignments of error shall be contained therein.
 I, II, III, IV V
Appellant's first, second, third, fourth, and fifth assignments of error are overruled on the authority of State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported; State v. Bair (Feb. 1, 1999), Stark App. No. 1997CA00232, unreported; and State v. McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00366, unreported.
 VI
In his sixth assignment of error, appellant maintains the trial court's adjudicating him a sexual predator was not supported by clear and convincing evidence. Specifically, appellant contends the State only proved he was a sexual offender, but did not present any evidence to support a finding of a likelihood to re-offend. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279. At the hearing, the State presented the bill of particulars, the change of plea and sentencing entry, and appellant's post-arrest statement to the police. The undisputed facts gleaned from these exhibits, as well as the entire record in the case, establish appellant, broke into a female neighbor's apartment with plans to rape her. The evidence further reveals appellant had been planning on raping his victim, who was a stranger to him, for approximately two weeks prior to the actual commission of the offense. During their investigation, the police found a piece of paper in appellant's wallet. Written on the paper were the names and phone numbers of five different women. In his statement to the police, appellant admits calling each of these women, whose names he found in the newspaper and whose phone numbers he obtained through the yellow pages, once or twice a week during the two weeks he planned the rape. During these conversations, appellant would masturbate while he made sexually offensive comments to the women. Appellant was never arrested for or convicted of telephone harassment. We find these facts mitigate in favor of the trial court's decision. Although telephone harassment, in violation of R.C. 2917.21, is not included in the list of sexually oriented offenses, the repeated pattern of appellant's conduct constitutes a criminal offense of a sexual nature. This conduct coupled with the conduct resulting in the convictions for which appellant is presently incarcerated create an inference of a likelihood to re-offend. Appellant's plans to rape his neighbor may well have been a playing out of the sexual acts he described during the telephone calls. Accordingly, we find the trial court's classification of appellant as a sexual predator is supported by some competent, credible evidence, and is not against the manifest weight of the evidence. Appellant's sixth assignment of error is overruled.
The December 9, 1998 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By:
Hoffman, J. Gwin, P.J. and Reader, J. concur